Filed 7/18/25  P. v. Harris CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102202 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F04486) |
| v. | |
| ANDRE LAMAR HARRIS, | |
| Defendant and Appellant. | |

Defendant Andre Lamar Harris appeals from a postconviction resentencing order under Penal Code section 1172.75.[1]  His counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Harris was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and he has not filed a supplemental brief.

Although this is not Harris's first appeal as of right, in the interest of judicial economy, we exercise our discretion to independently review the record.  (See *People v.*

---

[1]  Undesignated statutory references are to the Penal Code.

1

*Delgadillo* (2022) 14 Cal.5th 216, 233, fn. 6.)  Having done so, we find no arguable error that would result in a disposition more favorable to him.

We have, however, identified a clerical error in the abstract of judgment.  We direct the trial court to correct the abstract of judgment to reflect the accurate number of custody credits awarded.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, a jury convicted Harris of second degree murder (§ 187, subd. (a)) and being a felon in possession of a firearm (former § 12021, subd. (a)(1)), and found true the charged firearm enhancement (§ 12022.53, subd. (d)).  The trial court found true two prior prison term enhancements (§ 667.5, subds. (b), (g)), and sentenced Harris to an indeterminate term of 40 years to life on the murder count, a concurrent determinate term of two years for the firearm possession count, and two consecutive one-year terms for the prior prison term enhancements.  The court awarded Harris 429 days of presentence custody credit.

In 2023, the trial court received notice from the Department of Corrections and Rehabilitation that Harris was eligible for resentencing under section 1172.75.  The parties filed sentencing memoranda, and the court held a hearing on the matter.  The trial court dismissed the prior prison term enhancements but otherwise reimposed the same sentence:  40 years to life in state prison.  The court awarded Harris 7,056 days of actual credit.  The amended abstract of judgment lists the custody credits as "429 + 6636," with total credits noted as "CDCR to calculate."  (Capitalization omitted.)

## DISCUSSION

Harris's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Ordinarily, the *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*People v. Delgadillo*, *supra*, 14 Cal.5th

2

at p. 221.)  In *Delgadillo*, our state Supreme Court explained that the *Wende* process is not required in an appeal from a trial court's order denying a petition for postconviction relief under section 1172.6.  (*Delgadillo*, at pp. 221-226.)  Although the present case concerns postconviction relief under a different statute, the same principles may apply, given that this was not Harris's first appeal of right.  Having undertaken this review, we find no arguable errors that would result in a disposition more favorable to him.

The abstract of judgment contains a clerical error that warrants correction.  Under the credits section, the abstract should reflect the total number of credits for actual days served as awarded by the trial court.  Instead, it lists the actual credits as "429 + 6636" and the total credits as "CDCR to calculate."

DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to reflect the accurate total number of credits for actual days served.  The court shall then forward the corrected abstract to the Department of Corrections and Rehabilitation.

/s/
BOULWARE EURIE, J.

We concur:


/s/
EARL, P. J.


/s/
MESIWALA, J.

3